# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DaSHAUNDRA M WRIGHT, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 21-2033-KHV-KGG ) |
| ANDREW SAUL, COMMISSIONER OF SOCIAL SECURITY, | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM & ORDER GRANTING MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES

In conjunction with her federal court Complaint requesting review of the denial of her application for social security benefits (Doc. 1), Plaintiff DaShaundra M. Wright has filed a Motion to Proceed Without Prepayment of Fees ("IFP application," Doc. 3, sealed) with a supporting financial affidavit. After review of Plaintiff's motion, the Court **GRANTS** the IFP application.

## ANALYSIS

**I.    Motion to Proceed *In Forma Pauperis*.**

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial

1

means.  28 U.S.C. § 1915(a).  "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right – fundamental or otherwise.'"  ***Barnett v. Northwest School***, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (quoting ***White v. Colorado***, 157 F.3d 1226, 1233 (10th Cir. 1998)).  The decision to grant or deny in forma pauperis status lies within the sound discretion of the court.  ***Cabrera v. Horgas***, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999).

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay.  *See generally*, ***Yellen v. Cooper***, 828 F.2d 1471 (10th Cir. 1987).  In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.  See ***Patillo v. N. Am. Van Lines, Inc.***, No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); ***Webb v. Cessna Aircraft***, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In the supporting financial affidavit, Plaintiff indicates she is 27 and married. (Doc. 3, sealed, at 1.)  She has a minor child, but indicates the child lives with his father and she provides no financial assistance.  (*Id*., at 2.)  She indicates she is not employed, although her spouse earns a modest income at a job.  (*Id.*, at 2, 3.)  She does not own real property but does own a modest automobile, with little residual

value and on which they are unable to make the required monthly payments. (*Id.*, at 4.) She lists a no cash on hand. (*Id.*, at 4.) She lists reasonable amounts for rent and other expenses, including gas and utilities. (*Id.*, at 5.) Food stamps are the only government assistance they receive on a monthly basis. (*Id.*, at 4.)

Considering the information contained in her financial affidavit, the Court finds that Plaintiff has established that her access to the Court would be significantly limited absent the ability to file this action without payment of fees and costs. The Court thus **GRANTS** Plaintiff's request to proceed *in forma pauperis*. (Doc. 3, sealed.)

IT IS THEREFORE ORDERED that Plaintiff's motion for IFP status (Doc. 3, sealed) is **GRANTED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 8th day of February, 2021.

s/ Kenneth G. Gale
KENNETH G. GALE
United States Magistrate Judge